IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01888-BNB

LESTER L. WASHINGTON, MA, M.ED., ABD,

Plaintiff,

v.

COLORADO STATE UNIV. FC, CSUBOG, HDFS, et al.,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 17 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Lester L. Washington, has filed *pro se* a Title VII Complaint. The court must construe the Title VII Complaint liberally because Mr. Washington is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Washington will be ordered to file an amended complaint.

The court has reviewed the Title VII Complaint and finds that the Title VII Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements

of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Washington fails to provide a short and plain statement of his claims showing that he is entitled to relief. It appears that Mr. Washington believes his rights under Title VII have been violated because he was not hired for various positions. In addition to alleging that his rights under Title VII have been violated, Mr. Washington also asserts claims pursuant to a variety of other federal and state statutes as well as the United States and Colorado constitutions. However, Mr. Washington's repetitive, conclusory, and often irrelevant factual allegations do not provide a clear and concise statement of the specific claims he is asserting in this action.

Mr. Washington cannot satisfy the requirement of providing a short and plain statement of his claims by alleging in conclusory fashion that Defendants have discriminated against him and that a number of different statutes were violated. For example, Mr. Washington alleges in his tenth claim for relief that "[t]he defendants

violated Title IX and created and maintained a hostile environment against African American and black males." (Doc. #3 at p.47.) Then, after listing a number of defendants and without listing any factual allegations, Mr. Washington concludes his tenth claim as follows:

> These actions constituted the creation and maintenance of hostile environment via false, slanderous, and defamatory records that were illegally placed in his and the CSUFC Police Files AGAINST THE PLAINTIFF. They created and maintained a false but hostile, malicious, violent and retaliatory environment in violation of Titles VI & VII RETALIATION, TITLE IX, the CRA of 1964/1991, the US Constitution, and Const. Amend. 1, 5, 14, FERPA Violence Laws 34 CFR 99 A-D.., and other laws. According to search committee members, they pre-selected employees.

(Doc. #3 at p.48.)

Because the Title VII Complaint consists largely of vague and conclusory allegations like this, the specific claims Mr. Washington is asserting in this action are not clear. Neither the court nor the Defendants are required to guess in order to determine the specific factual allegations that are being asserted in support of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005).

Therefore, Mr. Washington will be ordered to file an amended complaint if he wishes to pursue his claims in this action. Mr. Washington is advised that it is his responsibility to present his claims clearly and concisely in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be

able to respond to those claims. Furthermore, to the extent Mr. Washington is asserting claims pursuant to Title VII, he is advised that the only proper Defendant is the employer because supervisors and other employees may not be held personally liable under Title VII. **See Haynes v. Williams**, 88 F.3d 898 (10th Cir. 1996). To the extent Mr. Washington is asserting claims against other Defendants, he is advised that he cannot combine a number of separate and unrelated claims against various Defendants into one action. Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." However, the issue of whether multiple Defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) **Defendants**. Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Finally, Mr. Washington is advised that, in order to comply with Rule 8, he must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957). Furthermore, for the purposes of Rule 8(a), "[i]t is sufficient, and

4

indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Therefore, Mr. Washington should take care to ensure that his amended complaint provides a clear and concise statement of the claims he is asserting in this action. Accordingly, it is

ORDERED that Mr. Washington file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Washington, together with a copy of this order, two copies of the following form: Title VII Complaint. It is

FURTHER ORDERED that, if Mr. Washington fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Actual Motion" (Doc. #4) filed on August 9, 2010, in which Mr. Washington apparently seeks an extension of time to file an amended complaint, is DENIED as moot.

DATED August 17, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01888-BNB

Lester L. Washington
P.O. Box 494
Fort Collins, CO 80522-0494

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Title VII Complaint form** to the above-named individuals on   8/17/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk