IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01888-BNB

LESTER L. WASHINGTON, MA, M.ED., ABD,

    Plaintiff,

v.

COLORADO STATE UNIV. FC, CSUBOG, HDFS, et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN -6 2011

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Plaintiff, Lester L. Washington, initiated this action by filing *pro se* a Title VII Complaint (Doc. #3). On August 17, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Washington to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On September 15, 2010, Mr. Washington filed an amended Title VII Complaint (Doc. #10) and a motion seeking leave to file additional amended pleadings if necessary and to have the Court select from among the additional pleadings (Doc. #9). On September 23, 2010, Mr. Washington filed three more amended Title VII Complaints, labeled version 1 (Doc. #12), version 2 (Doc. #13), and version 3 (Doc. #16), and a motion for leave to file the three amended versions of his Title VII Complaint (Doc. #15).

On September 27, 2010, Magistrate Judge Boland entered another order directing Mr. Washington to file an amended complaint. Magistrate Judge Boland explained to Mr. Washington that the Court would not take on the responsibility of reviewing and choosing from among the four amended complaints filed on September

15 and 23, and that submitting four separate pleadings did not comply with the August 17 order. Therefore, Magistrate Judge Boland directed Mr. Washington to file a final amended complaint that complies with the pleading requirements of Rule 8.

On October 26, 2010, Mr. Washington filed a third amended Title VII Complaint (Doc. #24). On October 28, 2010, Mr. Washington filed a corrected third amended Title VII Complaint (Doc. #25) and a motion for leave to file the corrected third amended Title VII Complaint (Doc. #26). The motion for leave to file the corrected third amended Title VII Complaint will be granted, and the Court will consider the corrected third amended Title VII Complaint (Doc. #25) filed on October 28.

The Court must construe the corrected third amended complaint liberally because Mr. Washington is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the corrected third amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. **See id.** However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110.

The Court has reviewed the corrected third amended complaint filed by Mr. Washington and finds that the corrected third amended complaint also fails to comply with the pleading requirements of Rule 8. As Mr. Washington was advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891

2

F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Magistrate Judge Boland determined that Mr. Washington's original Title VII Complaint did not comply with the pleading requirements of Rule 8 because he failed to provide a short and plain statement of his claims showing that he is entitled to relief. In particular, Magistrate Judge Boland noted that Mr. Washington's repetitive, conclusory, and often irrelevant factual allegations did not provide a clear and concise statement of the specific claims he is asserting in this action. Because Mr. Washington was claiming in the original Title VII Complaint that his rights under Title VII as well as a variety of other federal and state statutes and the United States and Colorado constitutions had been violated, Magistrate Judge Boland advised Mr. Washington that he must present his claims clearly and concisely and in a manageable format that allows the Court and the Defendants to know what specific claims are being asserted and to allow the Defendants to respond to those claims. Magistrate Judge Boland also advised Mr. Washington that the pleading requirements of Rule 8 are not satisfied by alleging in

conclusory fashion that Defendants have discriminated against him and that a number of different statutes have been violated, because such allegations do not make clear what specific claims are being asserted. Neither the Court nor the Defendants are required to guess in order to determine the specific factual allegations that are being asserted in support of each claim. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (stating that the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Finally, Magistrate Judge Boland advised Mr. Washington that, in order to comply with Rule 8, he must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id*.

Mr. Washington's corrected third amended complaint is forty-one pages long, lists twenty-five Defendants, and includes seventeen numbered claims for relief. In addition to claiming that his rights under Title VII have been violated, Mr. Washington refers in the corrected third amended complaint to alleged violations of a variety of other federal and state statutes and provisions of the United States and Colorado constitutions.

The Court finds that the corrected third amended complaint does not provide a short and plain statement of Mr. Washington's claims showing that he is entitled to relief

because he fails to allege, clearly and concisely, the specific facts that support each claim being asserted. Mr. Washington's conclusory assertions that his rights under a variety of federal and state statutes and federal and state constitutional provisions have been violated by numerous individuals and entities are not sufficient to give Defendants fair notice of the claims being asserted against them. Instead, Mr. Washington places an unreasonable burden on the Court and Defendants to identify both the specific claims for relief that are being asserted against each Defendant and what specific allegations support each asserted claim. As Mr. Washington has been advised previously, the general rule that **pro se** pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, the Court finds that the corrected third amended complaint fails to comply with the pleading requirements of Rule 8 and the action will be dismissed for that reason. Accordingly, it is

ORDERED that the motion for leave to file a corrected third amended Title VII Complaint (Doc. #26) filed on October 28, 2010, is GRANTED. It is

FURTHER ORDERED that the complaint, all of the amended complaints up to and including the corrected third amended complaint (Doc. #25) filed on October 28, 2010, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 5th day of January, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01888-BNB

Lester L. Washington
P.O. Box 494
Fort Collins, CO 80522-0494

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/6/11

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk