IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 16 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01888-ZLW

LESTER L. WASHINGTON, MA, M.ED., ABD,

    Plaintiff,

v.

COLORADO STATE UNIV. FC, CSUBOG, HDFS, et al.,

    Defendants.

## ORDER DENYING MOTIONS

Plaintiff, Lester L. Washington, filed *pro se* on January 21, 2011, a motion to reconsider (Doc. #29) asking the Court to reconsider the Court's Order of Dismissal and the Judgment entered in this action on January 6, 2011. Mr. Washington also filed on January 6, 2011, a motion to preserve evidence (Doc. #30) in which he again asks the Court to reconsider the order dismissing this action and to preserve evidence that allegedly is related to this action and other cases filed by Mr. Washington. The Court must construe the motions liberally because Mr. Washington is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motions will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Washington's requests to reconsider pursuant to Rule 59(e) because the requests were filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice because Mr. Washington failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. Washington's corrected third amended complaint is forty-one pages long, lists twenty-five Defendants, and includes seventeen numbered claims for relief asserting violations of Title VII and a variety of other federal and state statutes and provisions of the United States and Colorado constitutions. The Court specifically determined that the corrected third amended complaint did not provide a short and plain statement of Mr. Washington's claims showing that he is entitled to relief because Mr. Washington's conclusory assertions that his rights under a variety of federal and state statutes and federal and state constitutional provisions have been violated by numerous individuals and entities are not sufficient to give Defendants fair notice of the claims being asserted against them. Mr. Washington argues repeatedly in the requests to reconsider that the Court is blocking his efforts to pursue his claims and that his

corrected third amended complaint is shorter and more concise than other complaints that have not been dismissed.

Upon consideration of the liberally construed requests to reconsider and the entire file, the Court finds that Mr. Washington fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Washington does not identify any intervening change in controlling law or the existence of new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. Mr. Washington was directed to file a pleading that complies with the pleading requirements of Rule 8 and he was given specific instructions regarding the pleading requirements of Rule 8. The Court's order dismissing this action reiterates those requirements and identifies how Mr. Washington's corrected third amended complaint failed to comply with those requirements. Therefore, the requests to reconsider will be denied. The request to preserve evidence will be denied as moot. Accordingly, it is

ORDERED that the motion to reconsider (Doc. #29) and the motion to preserve evidence (Doc. #30), both of which were filed on January 21, 2011, are denied.

DATED at Denver, Colorado, this 15th day of February, 2011.

BY THE COURT:

_Zita Leeson Weinshienk_
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  10-cv-01888-BNB

Lester L. Washington
P.O. Box 494
Fort Collins, CO 80522-0494

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on February 16, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk